IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BAHRI BEGOLLI,

                                                                                  ORDER

                         Plaintiff,

                                                                            11-cv-380-bbc

     v.

THE HOME DEPOT and
MATT SPENCER, Human Resource Manager,

                       Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a proposed civil rights action brought by pro se litigant Bahri Begolli, who contends that defendants The Home Depot and Matt Spencer discriminated against him when they refused to hire him as a master electrician. Plaintiff has requested leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915, and has made the initial partial payment required of him. The next step is determining whether plaintiff's proposed complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B). In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S.

1

519, 521 (1972).

Having reviewed the complaint, I conclude that plaintiff may not proceed against defendant Matt Spencer because individual employees and supervisors cannot be sued for discrimination under Title VII.  Robinson v. Sappington, 351 F.3d 317, 332 n.9 (7th Cir. 2003); Williams v. Banning, 72 F.3d 552, 553-54 (7th Cir. 1995).  Thus, I will dismiss defendant Spencer from this case.  Additionally, plaintiff may not proceed against defendant The Home Depot at this time because his complaint violates Fed. R. Civ. P. 8.  However, I will give him an opportunity to submit an amended complaint that corrects these violations.

DISCUSSION

Plaintiff's complaint contains few facts.  However, I understand him to be alleging that defendants The Home Depot and Matt Spencer, the human resources manager, discriminated against him by failing to hire him as a master electrician.  Plaintiff alleges that he applied for an open position of master electrician at The Home Depot in June 2007, but that The Home Depot never responded to his application.  He alleges that he wrote multiple letters to defendants requesting information about the hiring process, including whether the position had been filled and why he was not selected, but that defendants never responded to his letters.  He states that he was qualified for the position and that he believes he was discriminated against because of his national origin.

2

Plaintiff's claim arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), which makes it unlawful for an employer to "fail or refuse to hire . . . any individual . . . because of such individual's race, color, religion, sex, or national origin." Thus, to have an actionable Title VII claim, plaintiff must allege that discrimination took place because of his race, color, gender or national origin. Although plaintiff states that he believes he was discriminated against because of his national origin, he does not identify his national origin or allege any facts from which it can be inferred that defendant's failure to hire him was unlawful discrimination. This information is required under Fed. R. Civ. P. 8(a)(2), which requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." See also Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010) (to state a claim for discrimination, plaintiff must identify "type of discrimination that [the plaintiff] thinks occur[red] . . ., by whom . . . and when.").

In addition, plaintiff has failed to include a request for relief in his complaint, as required under Rule 8(a)(3). In his amended complaint, plaintiff should include a request for the specific monetary or injunctive relief that he seeks.

Finally, plaintiff should know that Title VII includes various procedural requirements that a plaintiff must satisfy before filing a lawsuit in federal court. One important requirement is that a plaintiff may not bring a discrimination claim until he has received a "right to sue" letter from the Equal Employment Opportunities Commission. 42 U.S.C. §

3

2000e-5(f). Once he receives that letter, he has 90 days to file a lawsuit. Prince v. Stewart, 580 F.3d 571, 574 (7th Cir. 2009). See also 42 U.S.C. § 2000e-5(e)(1) (establishing time limits within with plaintiff must file charge of discrimination with EEOC). Although defendant has the burden to prove that plaintiff failed to meet these requirements, if defendant meets that burden, plaintiff's claims under Title VII will have to be dismissed. Thus, before plaintiff proceeds further, he should consider whether he will be able to obtain the necessary evidence to prove his claims and whether he has satisfied all the procedural requirements for bringing this suit. Fed. R. Civ. P. 11.

Because plaintiff's complaint does not conform to the requirements of Rule 8, I must dismiss it without prejudice. However, I will give plaintiff until July 28, 2011 to submit a proposed amended complaint. In redrafting his complaint, plaintiff should view the exercise as telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What did defendant do that makes it liable for violating plaintiff's rights?
- How was plaintiff injured by defendant's conduct?

If plaintiff fails to file an amended complaint by July 28, 2011, the clerk of court will close the case.

ORDER

IT IS ORDERED that

1. Plaintiff Bahri Begolli is DENIED leave to proceed on his claim that defendant Matt Spencer discriminated against him in violation of Title VII of the Civil Rights Act. The complaint is DISMISSED as to defendant Spencer.

2. Plaintiff's claim that defendant The Home Depot discriminated against him in violation of Title VII of the Civil Rights Act is DISMISSED without prejudice because it violates Fed. R. Civ. P. 8. Plaintiff may have until July 28, 2011, to submit a proposed amended complaint that conforms to the requirements of Rule 8. If plaintiff fails to respond to this order by that date, the clerk of court is directed to close this case.

Entered this 7th day of July, 2011.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge

5