IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BAHRI BEGOLLI,

                                          ORDER

                    Plaintiff,

                                          11-cv-380-bbc

     v.

THE HOME DEPOT,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On March 12, 2012, this case was dismissed for plaintiff Bahri Begolli's failure to file a timely complaint for discrimination, as required by 42 U.S.C. § 2000e-5(e)(1). Now before the court is plaintiff's notice of appeal and his request to proceed in forma pauperis on appeal. In determining whether plaintiff may appeal in forma pauperis under 28 U.S.C. § 1915, I must consider whether he is indigent and whether his appeal is taken in good faith. Fed. R. App. P. 24(a). I cannot certify that the appeal is not taken in good faith.

       The next step is to determine whether plaintiff has the means to pay the $455 appeal filing fee. The standard for determining whether plaintiff qualifies for indigent status is the following:

       ●      From plaintiff's annual gross income, the court subtracts $3700 for each

1

dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff is unemployed and has received no income within the past year. His wife's annual income was $22,300. Under Wisconsin's marital property laws, plaintiff's wife's income is considered to be plaintiff's as well. Thus, plaintiff's total annual income is $22,300. Because plaintiff's income falls in the $16,000 to $32,000 range, he must prepay half of the $455 fee for filing this case. Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999) (approving calculation of initial partial filing fee of appeal in non-prisoner cases).

ORDER

IT IS ORDERED that plaintiff Bahri Begolli's request for leave to proceed in forma pauperis on appeal is GRANTED on the condition that, no later than May 17, 2012, he submit a check or money order made payable to the clerk of court in the amount of $227.50.

If, by May 17, 2012, plaintiff fails to pay the partial fee or explain his failure to do so, then I will advise the court of appeals of his noncompliance so that it may take whatever steps it deems appropriate with respect to this appeal.

Entered this 27th day of April 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge