IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BAHRI BEGOLLI,

                                                OPINION AND ORDER

                Plaintiff,

                                                11-cv-380-bbc

      v.

THE HOME DEPOT,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This civil case for money damages is before the court on plaintiff Bahri Begolli's motion to compel. Plaintiff alleges that defendant The Home Depot has not responded properly to his requests for discovery.

      Defendant objects to plaintiff's motion on several grounds, one of which is plaintiff's failure to comply with his obligation under Fed. R. Civ. P. 37(a) to meet with defendant's counsel in an effort to work out his objections to defendant's responses to his requests for discovery. The objection is well founded. Rule 37(a) requires parties to make their own efforts to resolve discovery disputes before they call upon the limited resources of the court to iron out their differences.

      This court will not hear plaintiff's motion to compel until plaintiff does two things:

(1) arranges to meet with defendant's counsel in person or by telephone to discuss exactly what he wants in the way of discovery and the precise nature of his objections to what defendant has already produced and

1

(2) files a new motion, limited to the specific objections he has to the answer he has received from defendant.

Plaintiff should keep in mind that he is not necessarily entitled to ask defendant for exactly the same kind of evidence that defendant asked him for. Plaintiff may be entitled to obtain discovery about matters that have been the subject of questions from defendant to him, but he is limited to discovery that is tailored to the proof that *he* must make at trial (or that is likely to produce such proof). For instance, even if defendant asked him questions about his own employment, he is not permitted to ask about the employment details of defendant's employees unless he can show how those details would be relevant to his claim that defendant discriminated against him in refusing to hire him.

If, after meeting with defendant's counsel, plaintiff still believes that he has not received the discovery from defendant that he needs to prosecute this case, he can file a new motion to compel. If he does so, however, he must show exactly what discovery he was denied and how it relates to his claim. He should keep in mind that parties to a law suit are not required to turn over discovery that is "privileged," that is, subject to a privilege, such as the lawyer-client privilege that protects communications between a person and her lawyer, or discovery that would invade the privacy of a third person who is not a party to the case.

I will order plaintiff to meet with defendant's counsel within two weeks to make a good faith attempt to work out plaintiff's objections to defendant's answers to his discovery requests. If plaintiff does not make a good faith attempt to arrange the meeting or to work with defendant's counsel to resolve his differences with defendant, it is probable that this case will be dismissed.

ORDER

IT IS ORDERED that plaintiff Bahri Begolli's motion to compel production of documents, dkt. #123, is DENIED. Plaintiff is to make arrangements to meet with defendant's counsel on or before December 11, 2013. Failure to do so may result in dismissal of this case.

Entered this 25th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge