IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BAHRI BEGOLLI,

                 Plaintiff,

       v.

THE HOME DEPOT,

                 Defendant.

OPINION AND ORDER

11-cv-380-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     After months of fruitless efforts to obtain discoverable information from plaintiff Bahri Begolli, defendant The Home Depot has moved to dismiss plaintiff's civil action for employment discrimination as a sanction for plaintiff Bahri Begolli's failure to comply with the court's discovery orders.  The motion will be granted.  Although dismissal of an entire case is an extreme sanction, plaintiff's intransigence has proved resistant to the lesser sanctions imposed on him.

     The issue at the heart of the lawsuit is straightforward:  plaintiff contends that he was discriminated against by defendant when he applied for a job as a Master Trade Specialist position at one of defendant's stores.  He maintained that because he was the only one of the four finalists for the position who had the qualifications for the sales job at issue, defendant's failure to hire him had to be the result of discrimination on the basis of his national origin (Albanian).  Am. Cpt., dkt. #6, at 10.  Instead of filing an answer to the

operative complaint, defendant moved for summary judgment, contending that plaintiff was barred from proceeding in this court because he had not filed a timely charge of discrimination with the Equal Employment Opportunity Commission or its Wisconsin counterpart, the Wisconsin Equal Rights Division, within 300 days of learning of an allegedly discriminatory action.  According to defendant, plaintiff had learned more than 300 days before filing his charge on June 26, 2008 that he would not be hired for the Master Trade Specialist position for which he had applied because defendant's Regional Human Relations Manager, Randi Kiel, had called plaintiff on August 27, 2008 to tell him so.  As defendant pointed out in its motion, the administrative law judge hearing the case for the Equal Rights Division had dismissed plaintiff's complaint for this reason, dkt. #14-5, and her decision had been affirmed by the state's Labor Industry Review Commission.  Dkt. #14-6.

Plaintiff contested defendant's motion for summary judgment.  Because the facts were in dispute and the earlier rulings of the state agencies did not have preclusive effect under University of Tennessee v. Elliott, 478 U.S. 788 (1986), the motion could not be decided on the written record.  I scheduled an evidentiary hearing on the question, at the conclusion of which I found that plaintiff had not filed a timely charge of discrimination and dismissed his case.  Dkt. #43.  Defendant appealed the dismissal and won; the Court of Appeals for the Seventh Circuit held that it was error for the court to decide the question of the timeliness of plaintiff's filing because timeliness "is just a defense in a Title VII suit, and there is no reason to distinguish it from other defenses and therefore exclude it from the jury

trial."  Begolli v. The Home Depot, 701 F.3d 1158, 1160 (2012).

In preparation for the anticipated trial, defendant served a subpoena on two telephone service providers.  Plaintiff moved to quash the subpoenas, taking exception to them.  Among other things, he contested the accuracy of the telephone numbers for which information was sought and denied that he had ever owned a cell phone with the number 608-712-4633.  Dkt. #71 at 3.  Defendant then asked the court for an order compelling plaintiff to amend and supplement his responses to interrogatories and requests for production of documents served on him by defendant.  Dkt. #76.  On August 15, 2013, defendant moved for an amendment of the pretrial schedule on the ground that its efforts to obtain necessary discovery from plaintiff had been unsuccessful and it was awaiting rulings from the court on those efforts.

United States Magistrate Judge Stephen Crocker held a hearing on the various motions on August 30, 2013.  In the course of the 55-minute hearing, he granted defendant's motion to compel discovery, with minor exceptions, and granted the scheduling order in part, as requested by defendant.  Dkt. #92.  In addition, he explained to plaintiff in great detail why it was appropriate for defendant to ask for and obtain discovery such as medical records, tax returns, prior job positions and names of people that plaintiff to whom claimed to have talked or who have knowledge about the case.  Id.  at 5.  He made it clear to plaintiff that plaintiff did not have the choice of withholding information about any mental or emotional problems he might have suffered as a result of the denial of his job application; he either had to answer questions and provide information on those subjects or forgo any claims for mental and

emotional damages.  Id. at 10.  Finally, he denied plaintiff's motion to quash the discovery requests served by defendant.  Dkt. #91.

Despite the magistrate judge's warning, plaintiff refused to tell defendant's counsel whether he would pursue damages for emotional distress but still refused to provide any medical records or names of medical providers who might have information on this subject. Dkt. #96, exhs. 1-4.  He refused to provide copies of tax returns, saying that he could see no justification for giving defendant access to knowledge about his family's income.  Dkt. #96-2 at 4.  Instead, he offered to tell plaintiff the amounts of money earned and provide the returns themselves to the court, which could verify the authenticity of the amounts.  Id.  He refused to provide information about a number of other matters, including his previous employment, communications he had had with defendant and evidence of alleged admissions by defendant.

Stymied by plaintiff's refusal to cooperate, defendant filed two motions for sanctions, dkts. #94 and 96, and a motion for an order requiring plaintiff to appear for additional time to complete his deposition and the appointment of a special master to insure that plaintiff complies with his discovery obligations, dkt. #99.  In an order entered on October 23, 2013, I considered dismissing the case after cataloguing the failure of the court's efforts to convey to plaintiff the purposes of discovery, his responsibility to comply with the rules governing discovery and his obligation to cooperate with defendant's counsel's need for obtaining relevant information from him.   Instead, I gave plaintiff one more chance to show that he should be allowed to continue the prosecution of the case.  The parties were directed to hold

plaintiff's deposition at the courthouse, where the United States Magistrate Judge would be available to resolve any discovery disputes.  I told plaintiff that he must cooperate with defendant or face the drastic remedy of dismissal.

Despite the warning in the October 23, 2013 order and the instructions of Magistrate Judge Crocker during the August 20, 2013 hearing and again in person at the courthouse deposition, plaintiff continued his obstructionist tactics, refusing to answer questions put to him at his deposition, raising objections that had no foundation and interrupting the lawyer questioning him.  For example, when asked about a document listing the minimum qualifications for the job of Master Trade Specialist and whether those qualifications included having an active electrical license within the last six years from an appropriate licensing agency of board, he responded as follows:

> A. Within last six years?
> Q. It says that; correct?
> A. Yes, it says that here.  But because of that, I asked —
> Q: I'm not asking—
> A. —I asked for different—
> Q. —I'm not asking—
> A. —different documentation.  This is written to adjust and
> exclude me, because there is no for other position required for
> six year since you waited for the person—to apply with a single day or
> without—
> Q.  You're arguing with me again.  Could you stop?
> A.  You offered that job to him, but you are requested six years, and I had 30
> years in the trade. So—
> Q. Stop.  You're arguing with me again.
> A. No, I am not arguing.
> Q. Mr. Begolli, yes you are.
> A. No.
> Q. You see that the minimum qualifications are that someone just had to have
> an active license?
> A. No, this—this is falsificated [sic].  I can fully—

Q. What facts do you have to prove to support—
A. Because I asked for—
Q. Stop and let me finish.
A. —for the full—
Q. Let me finish.
A. —booklet of rules to see are there mentioned how many years should have someone in order to—

Dep. trans., dkt. #132, at 448, ln.10 - 449, ln. 15.

In addition, plaintiff was ordered specifically by the magistrate judge to "meet and confer" with defendant's counsel no later than December 11, 2013 about an lengthy motion to compel discovery that plaintiff had filed on November 1, 2013. Dkt. #123. Despite the order, plaintiff made no effort to meet with counsel. Instead he waited until the late morning of December 11 to send counsel an 81-page email in which he rehashed the motion but did not identify any specific discovery that he wanted. Defendant's counsel offered to discuss the matter by telephone, but plaintiff refused the offer, saying in a December 15, 2013 email that he did not "plan to discuss any of your [discovery] responses through the phone." Dkt. #131-2 at 3.

Because of his pro se status, plaintiff has been given extra opportunities to show that he can comply with the court's orders and cooperate with defendant's counsel, but it is clear that he is not interested in compliance or cooperation. In the October 23 order, I told plaintiff that he had "one chance and one chance only to preserve his lawsuit" and that if he did not comply with the court's requirements, his case would be dismissed in its entirety. Plaintiff did not take advantage of his last chance; therefore this case will be dismissed. This dismissal makes it unnecessary to discuss defendant's charge that plaintiff engaged in

6

spoliation of evidence when he destroyed, lost or failed to preserve portions of audio recordings he says he made of conversations he had with defendant's representatives.

ORDER

IT IS ORDERED that the motions for sanctions filed by defendant The Home Depot, dkts. ##94, 107 and 128, are GRANTED insofar as they seek dismissal of the case; they are DENIED as moot in all other respects and the case is DISMISSED IN FULL for plaintiff Bahri Begolli's refusal to comply with discovery as ordered by the court.  The clerk of court is directed to enter judgment in favor of defendant.

FURTHER, IT IS ORDERED that defendant's motion for an award of fees and costs is DENIED.  Defendant has made no showing that plaintiff has any funds with which to satisfy an order requiring him to pay fees and costs and nothing in the record suggests that he does.

Entered this 29th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

7